United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-50215
Summary Calendar

WILLIE CLARK, JR.,

Plaintiff-Appellant,

versus

JULIE FISKE, Special Agent Internal Revenue Service; ROBERT
BREEN, Police Officer, Bag # 2318 Detective San Antonio Police
Department; JOHN DOES, United States Marshal; DEFENDANTS, ET AL.,
In Their Private and Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(5:05-CV-485)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Willie Clark, Jr., challenges the dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, of his 42 U.S.C. § 1983 action concerning the defendants' attempt to execute an arrest warrant at his home.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding the dismissal of his Fifth, Eighth, and Fourteenth Amendment claims, Clark has waived any related argument due to inadequate briefing. *See Rutherford v. Harris County, Texas*, 197 F.3d 173, 193 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As for Clark's Fourth Amendment claim, the summary judgment awarded the defendants is reviewed *de novo*, applying the same standards as the district court. *E.g., Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Such judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Clark fails to show a violation of his constitutional rights in connection with the defendants' entry into his home. *See Payton v. New York*, 445 U.S. 573, 603 (1980). Concomitantly, he fails to show the defendants were *not* entitled to qualified immunity. *See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999). Accordingly, the summary judgment was proper.

Because his action was properly dismissed pursuant to the defendants' motions, *see* FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 56(c), Clark's motion for appointment of appellate counsel is denied. His motions to dismiss his indictment and for new counsel in his criminal proceedings are also denied. *See Leverette v.*

*Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); FED. R. CRIM. P. 12(b)(3).

***AFFIRMED; MOTIONS DENIED***